# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DONALD MACK,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0469** (BOR Appeal No. 2052301)
(Claim No. 2017016110)

**THE HOMER LAUGHLIN CHINA COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald Mack, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Homer Laughlin China Company, by Lucinda Fluharty, its attorney, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on February 16, 2017. The Office of Judges affirmed the decision in its October 17, 2017, Order. The Order was affirmed by the Board of Review on April 23, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mack, a service person, alleges that he injured his left shoulder in the course of his employment on September 12, 2016, while pushing a skid with broken floor jacks. An MRI of the left shoulder was performed on August 12, 2016, and showed a small thickens tear of the supraspinatus tendon and distal infraspinatus tendon; a SLAP lesion with degenerative changes and thinning of the labrum; tear of the posterior labrum; and mild degenerative changes of the left shoulder.

1

A treatment note from Ohio Sports and Spine Institute dated August 18, 2016, indicates Mr. Mack had left shoulder pain. On August 25, 2016, it was noted that physical therapy was helping his pain. On September 1, 2016, Mr. Mack reported that physical therapy had improved his pain about 40%. He also had improvements in range of motion and strength. However, he continued to have difficulty with work duties like heavy lifting, pushing, and pulling.

An October 5, 2016, consultation note from Cleveland Orthopedic General indicates Mr. Mack had left shoulder pain for the past three years. He stated that he believed he injured his shoulder at work. He sought treatment, did physical therapy, and returned to full duty work. However, he still has persistent pain. He was diagnosed with chronic left shoulder pain.

In the December 2, 2016, employees' and physicians' report of injury, Mr. Mack asserted that he injured his neck and shoulder while pushing a skid with broken floor jacks on September 12, 2016. He stated that his supervisor and union representative were both informed. The physician's section was completed by Thomas Tambouratzis, M.D., at the Veteran's Administration clinic in Calcutta, Ohio. Dr. Tambouratzi diagnosed occupational left shoulder injury with a rotator cuff component.

A treatment note from the Cleveland Department of Veterans Affairs Medical Center dated April 7, 2017, indicates Mr. Mack had chronic left shoulder pain most consistent with scapular thoracic movement difficulty and rotator cuff/biceps tendinopathy. He was to continue physical therapy but had no restrictions. In an April 12, 2017 addendum, it was noted that the shoulder pain had been present for three years and that Mr. Mack believed he injured it at work.

Mr. Mack testified in a deposition in May 23, 2017, that sometime in 2016, he sustained an injury where he tore his rotator cuff and injured his lower back. He last worked on September 12, 2016, and the injury happened prior to that date. He could not recall the exact date that he was injured and stated that he just started hurting. He stated that he was pushing a skid with broke floor jacks repeatedly and that is how he was injured. Mr. Mack testified that he injured his neck in 2013 but not his shoulder. On September 12, 2016, the shoulder pain became unbearable and he reported it to his supervisor. He has not returned to work since. Mr. Mack admitted to having treatment for his shoulder between 2013 and 2016 with the Veteran's Administration Clinic.

The claims administrator rejected the claim on February 16, 2017. The Office of Judges affirmed the decision in its October 17, 2017, Order. It found that Mr. Mack acknowledged in his deposition that he did not suffer an acute injury on September 12, 2016. That was merely the date on which he could no longer bear his shoulder pain. The Office of Judges found that he had preexisting shoulder problems and concluded that he failed to show that there was a fortuitous event that occurred on September 12, 2016, in the course of his employment. Therefore, the claim could not be held compensable. The Board of Review adopted the findings of fact and conclusion of law of the Office of Judges and affirmed its Order on April 23, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Mack suffered from preexisting shoulder pain and failed

to show that he sustained an isolated, fortuitous injury in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

3